## STEWART v CLARK

Ohio Appeals, 1st Dist, Butler Co

No 531. Decided May 31, 1932

Clarence Stewart and C. W. Elliott, Middletown, for plaintiff in error.

S. C. McCandless and W. S. Harlan, Hamilton, for defendant in error.

CUSHING, J.

Plaintiff in error claims that there was prejudicial error, in that the court abused its discretion, and that counsel for the defendant in error committed prejudicial error in the cross-examination of Albert Stewart with reference to former accidents of Walter Stewart. There is no issue in the pleadings that he was a notoriously reckless driver, nor that he had had any other accidents. The court abused its discretion in permitting questions of other accidents, and counsel for plaintiff below was guilty of prejudicial error in asking questions of other accidents, when there was no issue in the case as to such other accidents.

In the case of Friedman-Wallach Co., Inc., v Rosenau Bros., Inc., 189 N. Y. S., 102, it is stated:

"The other objection to the sufficiency of the judgment herein lies in the attempt by defendant's counsel, in his cross-examination of the plaintiff's president, to create in the minds of the jury a feeling of prejudice against plaintiff, by inquiring not only as to wholly irrelevant, but also as to scandalous, matters. The appellate courts have emphatically condemned such practice, and if counsel persist in failing to heed the voice of warning, then they should be penalized by denying to them the fruits of victory gained by such means."

And in Vanarsdol v Farlow, 200 Iowa Reports, 495, at page 499, it is stated:

"Complaint is made as to the argument of counsel, and also misconduct in asking questions wholly outside of the record, to cast reflection upon the witness and prejudice the jury against him. These complaints were both justified, under the record in this case. We have repeatedly cautioned attorneys about attempting to inject poison in the case by persistent and flagrant efforts to inject immaterial matter in the case which is only offered for the purpose of prejudicing the jury, and trust that this warning will be sufficient, on a retrial of this case."

We find the court guilty of abuse of discretion, and counsel for plaintiff below, defendant in error here, guilty of misconduct. For these prejudicial errors, the judgment of the Court of Common Pleas of Butler County will be reversed, and the cause remanded to that court for a new trial.

ROSS, PJ, and HAMILTON, J, concur in the judgment of reversal.